**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOHNNY MELÉNDEZ,<br><br>*Petitioner,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Respondent.* | CIVIL NO. 16-1768 (DRD)<br>Related Civ. No. 16-2373 (DRD)<br>Related Crim. No. 13-239 (DRD) |

**OPINION AND ORDER**

Pending before the Court are Petitioner, Johnny Meléndez' *Motion to Vacate, Set Aside, or Correct Sentence Brough Pursuant to Title 28, United States Code, Section 2255* (Docket No. 1) and *Supplemental Motion to Vacate Sentence Pursuant to Title 28 U.S.C. § 2255* (Docket No. 8). The Government filed its Response in Opposition thereto. *See* Docket No. 32.

For the reasons stated herein, the Court hereby **DENIES** Petitioner's *Motion to Vacate, Set Aside, or Correct Sentence Brough Pursuant to Title 28, United States Code, Section 2255* (Docket No. 1) and *Supplemental Motion to Vacate Sentence Pursuant to Title 28 U.S.C. § 2255* (Docket No. 8).

**I.   BACKGROUND**

On May 2, 2013, a Grand Jury returned a One-Count Indictment against the Petitioner, Johnny Meléndez (hereinafter, "Petitioner" or "Meléndez") for attempt to possess with intent to distribute one hundred (100) grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(1) and 846. *See* Crim. No. 13-239 (DRD), Docket No. 9.

The Petitioner ultimately agreed to enter a straight plea, i.e., without prior agreement with the Government. *See* Crim. No. 13-239 (DRD), Docket Nos. 33 and 36.¹ Accordingly, on March 11, 2014, Meléndez was sentenced to a term of imprisonment of one-hundred and eighty-eight (188) months.² Judgment was entered on that same date. *See* Crim. No. 13-239 (DRD), Docket No. 45.

On March 18, 2014, the Petitioner timely filed a Notice of Appeal. *See* Crim. No. 13-239 (DRD), Docket No. 46. Yet, by July 21, 2015, the First Circuit affirmed the District Court's Judgment, thus, issuing its judgment affirming the conviction and sentence of the Petitioner. *See* Crim. No. 13-239 (DRD), Docket No. 53; *see* Judgment of the First Circuit, Crim. No. 13-239 (DRD), Docket No. 53.

Subsequently, on April 19, 2016, Petitioner timely filed a *Motion to Vacate, Set Aside, or Correct Sentence Brough Pursuant to Title 28, United States Code, Section 2255* (Docket No. 1). Two months thereafter, the Petitioner filed a *Supplemental Brief*. *See* Docket No. 8. Although the Supplemental Brief was initially given a new civil case number, i.e. 16-2373 (DRD). By order of the Court, both filings were incorporated into civil case no. 16-1768, thus eliminating civil case no. 16-2373 to avoid duplicity. *See* Crim. No. 13-239 (DRD), Docket Nos. 57 & 58.

## II. DISCUSSION

In his original § 2255 Petition, Meléndez raised the following arguments against both his trial and appellate counsel:

---

1 Prior to the Change of Plea Hearing, a Status Conference was held wherein the parties informed the Court as to a possible C plea in the case. Upon the Court's review of the Presentence Report with the parties, particularly, the Petitioner's criminal history category, the Court informed the parties that the agreement as to 60 months, Type C plea would not be accepted by the Court. *See* Crim. No. 13-239 (DRD), Docket No. 23.

2 In imposing the sentence, Petitioner was found to be a career offender due to his prior convictions. However, the Court found that "his criminal history in overridden by his health problems." Crim. No. 13-239 (DRD) at p. 23. Thus, the sentence of one hundred and eighty-eight (188) months was at the lower end of the recommended sentencing range under the Sentencing Guidelines.

i. Ineffective assistance of both trial and appellate counsel for:

   a. Trial counsel conceding during the Sentencing Hearing that the Petitioner was a career offender and failed to object to and/or appeal the enhancement on grounds that Petitioner's prior conviction for "aggravated assault on police officer" was not "crime of violence". Moreover, Meléndez argues that the Government failed to prove by a preponderance of the evidence the offense was a crime of violence, thus the Court should vacate the sentence imposed on March 11, 2015.

In the Petitioner's Supplemental Brief, he alleges ineffective assistance of trial counsel for:

   a. Allowing the Court to rely on a prior offense for possession of narcotics without submitting documents to support the Petitioner's right to adequate representation; and

   b. Failure to challenge that the possession of narcotics 21(a)-277(a) did not qualify under the career criminal provision.

Finally, the Petitioner requests relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015) allegation as to his career offender clause and to the residual clause of the guideline that was invalidated by the Supreme Court.

## A. 28 U.S.C. § 2255 standards and exhaustion requirements

Section 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence upon the occurrence of one of the following events

1. The sentence was imposed in violation of the Constitution or laws of the United States;

2. The Court was divested of jurisdiction to impose the sentence;

3. The sentence was in excess of the maximum authorized by law; or

4. The sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255. When a prisoner files a motion for relief pursuant to § 2255, the Court may dismiss the Petition without an evidentiary hearing if the motion, the record and supporting documentation of the case demonstrate conclusively that the movant is not entitled to relief.

It is well settled that a § 2255 motion is not the substitute for an appeal. Therefore, the Defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. *United States v. Essig*, 10 F.3d 968 (3d Cir 1993). Should a Defendant fail to preserve his claim on direct appeal, a Court may not consider said claim in a subsequent § 2255 motion, unless the Defendant can establish "cause and prejudice," *United States v. Frady*, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice". *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The exception to the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a § 2255 motion.

Furthermore, the First Circuit has consistently held that a § 2255 Petition cannot be used to litigate matters that were, or could have been, decided on appeal, *Berthoff v. United States*, 308 F.3d 124, 127-128 (1st Cir. 2002). The Court finds that this is exactly what Meléndez is trying to pursue with his multiple filings.

B.  *Claim of Ineffective Assistance of Counsel*

To establish ineffective assistance of counsel, a defendant must show that:

1.  His attorney's performance was deficient, and

2.  The deficient performance prejudiced his defense.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to establish the deficiency, a Defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." *Strickland* 466 U.S. at 688. Under *Strickland*, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is Defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. To show prejudice, a Defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. However, this assessment "must be a 'fairly tolerant' one because 'the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or successful defense.' " *Moreno-Espada v. United States*, 666 F.3d 60, 64 (1st Cir.2012) quoting *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir.1994).

Furthermore, a claim of ineffective assistance of counsel "requires a court to first assess whether 'counsel's representation 'fell below an objective standard of reasonableness.'" *Padilla v. Kentucky*, 130 S.Ct. 1473, 1482 (2010). It is pellucidly clear that Petitioner was obligated to demonstrate that both counsel's performance fell below an objective standard of reasonableness and that prejudice resulted therefrom. *Strickland*, 466 U.S. at 687. *See also Lopez-Nieves v. United States*, 917 F.2d 645, 648 (1st Cir. 1990). In order to succeed in his Petition, Meléndez must demonstrate that the performance fell below an objective standard of reasonableness as to each particular instance in which he claims ineffective assistance of counsel. Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." *United States v. Natanel*, 938 F.2d

302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. *See Strickland*, 466 U.S. at 689. Therefore, the Supreme Court has held that, "judicial scrutiny of counsel's performance must be highly deferential." *See Strickland*, 466 U.S. at 689.

Pursuant to *Strickland*, Petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance and the harm such actions caused. Furthermore, "a defendant's failure to satisfy one prong of the *Strickland* analysis obviates the need for a court to consider the remaining prong." *Moreno-Espada v. United States*, 666 F.3d 60,64 (1st Cir. 2012) (quoting *Tevlin v. Spencer*, 621 F.3d 59,66 (1st Cir.2010).

The Court finds that Meléndez fails is this endeavor. Petitioner's allegations are either underdeveloped, unsupported by the record or simply inaccurate. Meléndez, throughout his arguments, is unable to satisfy the first prong of the *Strickland* test, to wit: whether 'counsel's representation 'fell below an objective standard of reasonableness.' " *Padilla v. Kentucky*, 130 S.Ct. 1473, 1482 (2010).

A review of an habeas petition is an extraordinary remedy that should not be issue for an appeal. *Reed v. Farley*, 512 U.S. 339 (1994). Hence, a Defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the Defendant can demonstrate cause for the failure and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614 (1998). In the case at bar, Petitioner has not raised an actual innocence defense and has failed to make a showing of cause and prejudice as to all his allegations of ineffective assistance of counsel.

Defendants have a right to effective assistance of counsel on appeal. Claims of ineffective assistance of appellate counsel are measured under the *Strickland* standard. <u>Evitts v. Lucey</u>, 469 U.S. 287(1985). Appellate counsel is not required to raise every non-frivolous claim, but rather

selects among them to maximize the likelihood of success on the merits. *Lattimore v. Dubois*, 311 F.3d 46 (1st Cir. 2002).

Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259 at page 288 (2000). To overcome the presumption of competence of an appellate counsel, the Petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert. Meléndez has failed to make such a showing.

As the Court finds that all the arguments raised by the Petitioner[3], except for <u>Johnson</u>, are closely intertwined and relate directly to his classification as a career offender, the Court will discuss them jointly.

### *Ineffective Assistance of Trial Counsel*

The Court begins by noting upon a thorough review of the Sentencing Hearing transcript, demonstrates that this was not a short and hastily agreed sentencing proceeding. As a matter of fact, the hearing lasted almost an hour, and during the entire proceeding defense counsel zealously argued for the lowest possible sentence for his client and so the Court noted on several occasions.[4]

Melendez is unable to meet either prong of the *Strickland* standard in his claim of ineffective assistance of counsel. Trial counsel for Petitioner, upon a clear understanding that Melendez was considered a career criminal offender opted to argue a more valuable position, to wit, that the Court consider a non-guideline sentence of ten (10) years pursuant to § 3553 of the sentencing guidelines. *See* 13-239 (DRD), Docket No. 51 at p. 17. The Court finds that counsel's

---

3 *See* pp. 2 & 3.
4 "THE COURT: And the record will reflect that I am not annoyed, I am having a very reasonable conversation with an able counsel who is attempting with fervor to save the situation, and that's your job." Crim. No. 13-239, Docket No. 51 at p. 8.
"THE COURT: This is a very important case for everybody that is in this case…. So if you ask me, I am in no hurry. I will listen to you. If you start repeating yourself, then I know you have exhausted all your thought." *Id.* at p. 16.

arguments on behalf of the Petitioner were adamant and polite yet aggressive whilst using the informed provided by Melendez as to his troubled past, age and health.[5] Ultimately, counsel was unsuccessful in obtaining a ten (10) year sentence for his client. However, he did obtain some leniency from the Court at sentencing. This would not have happened if in counsel had not been effective in his arguments before the Court. "As with all strategies some are successful while others are not that is part of the process." *Mattei-Albizu v. United States*, 699 F.Supp.2d 404 at 405 (D.P.R. 2010). "Tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance of counsel." *Id.* at 405 citing <u>United States</u> v. <u>Ortiz Oliveras</u>, 717 F.2d 1,4 (1st Cir. 1983).

In the instant case, the record is clear, although counsel was unsuccessful in obtaining a lower sentence for Meléndez, he was able to obtain certain leniency from the Court and the record so reflects. To wit,

> "THE COURT: So if you think I fell well no. If you think I am smiling, no. If I like it, no. It is not what I like or what I don't like.
>
> As you know, we are courts of record, and I appreciate your feverous effort to save the defendant from what is an obvious determination to occur due to the history and proclivity to violence and proclivity to drugs. That's what it is. Violence is the Hartford police incident, assault, first sentence, an assault, 12 years imprisonment for an assault on an officer, burglary. That's the first indicia of proclivity of violence."

13-239 (DRD), Docket No. 51 at 13.

> "THE COURT: The Court has already described his criminal history, and his time since age 24 to now age 60, his long history of repeated and frequent violations, very frequent violations, considering that most of the time he has been in jail, and whenever he is not in jail, then he is violating the law.
>
> So, accordingly, the Court finds that his criminal history is overridden by his health problems. It is the judgment of this Court that Mr. Johnny Melendez is committed

---

5 At a young age, Meléndez, who was under the care of his mother, saw her burn herself alive; had to endure the death of other family members, was left an orphan by age 15 and, accordingly, was his own caretaker and provider. *See* 12-239 (DRD), Docket Nos. 37 and 51.

8

> to the custody of the Bureau of Prisons to be imprisoned for a term of 188 months."[6]
> (Emphasis added).

*Id.* at 23. Thus, counsel was successful in convincing the Court that some form of leniency should be given to the Petitioner, and so it did. The conduct exhibited by counsel is not ineffective assistance of counsel, quite the opposite. Accordingly, the Court finds that Meléndez fails to meet the *Strickland* standard as to his argument that counsel should have argued against the career offender enhancement.

Meléndez further argues that his trial counsel was ineffective when he conceded during the Sentencing Hearing that his Connecticut state conviction for aggravated assault qualified as a predicate offense for the career offender enhancement as well as when counsel failed to challenge that Petitioner's narcotic possession conviction did not qualify under the career criminal enhancement. According to Meléndez, counsel should have objected to the enhancement on grounds that the prior convictions did not, as a matter of fact or law, constitute a "crime of violence" the Government failed to prove by a preponderance of the evidence the offense was a crime of violence. *See* Docket No. 1 at 2. The Petitioner further makes the same argument as to the appellate counsel's failure to raise this argument on appeal. The Court disagrees and briefly explains.

The Court finds that what expected from counsel was an impossible feat, much like climbing Mount Everest successfully in the middle of winter while wearing Caribbean clothing. The Sentencing Hearing transcript provides a clear picture of Meléndez long and colorful criminal background that provided for a career offender enhancement.[7] Namely,

---

6 The Court notes that the sentence of one hundred and eight-eight (188) months of imprisonment was at the lower end of the guideline.
7 At the time of Meléndez sentencing, he was a sixty (60) year old man who had been in and out of different penitentiaries since his early twenties, spending an abundant amount of time behind bars.

> "The Court: All right. Has the pre-sentence report been duly translated to the defendant?
> Mr. Gonzalez: It has, Your Honor.
> The Court: Mr. Johnny Melendez, your lawyer has just stated that he duly translated the pre-sentence report to you. Is he making a correct representation?
> The Defendant: Yes.
> The Court: Did you advise him that he is facing a potential sentence of – I am going to give him the three points.
> Mr. Gonzalez: Yes, Your Honor.
> The Court: I am going to give him the three points, but he's still facing a potential sentence of –
> Mr. Gonzalez: Of 188 to 235, Your Honor.
> The Court: -- 188 to 235. So you have the first word.
> Mr. Gonzalez: Yes, Your Honor. First of al—
> The Court: The problem is, career offender."

Crim. No. 12-239 (DRD), Docket No. 51 at pp. 2-3. It was no surprise to all of the persons present at the Sentencing Hearing that the Petitioner was facing a career offender enhancement due to the fact that Meléndez has multiple criminal offenses that prevented the Court from otherwise. However, the Court, during the hearing, make a painstakingly detailed recount of Meléndez' criminal past and what applied to his sentence at that given time in order to clarify the record even further. To wit,

> "The Court: All right. On October 24, 2013, the defendant, Johnny Melendez, pled guilty, pursuant to a straight plea, to Count 1 of the indictment in Criminal Case No. 12-239, which charges violations to Title 21, USC, 841(a)(1) and 846. A class B felony. The November 1, 2013 edition of the United States Sentencing Guidelines was used to apply the advisory guideline calculations pursuant to the provisions of guideline 1B1.11(a).
> Based on the provisions of the United States Guidelines 2D1.1(c)(7), a base offense level of 26 has been determined since the defendant is being held responsible for attempting to possess with intent to distribute 343.6 grams of heroin. Nonetheless, as this defendant was more than 18 years old at the time he committed the instant offense, and the same was committed subsequent to sustaining two prior felony convictions for a crime of violence and a controlled substance offense, he is a career offender under United States guideline 4B1.1(A). As such, the guideline for a 4B1.1(b)(2) base offense level of 34 is established. As the defendant has accepted responsibility for the instant offense, the base offense level is reduced three levels, pursuant to United States guideline 3E1.1. There are no other applicable guideline adjustments.
> Based on a total offense level of 31 and a criminal history category VI, the guideline

imprisonment range in this particular case is from 188 to 235 months, with a fine range of $15,000 to $5 million, plus a supervised release term of at least four years. The Court has reviewed the advisory guideline calculations and finds that the pre-sentence investigation report has adequately applied the guidelines computations. Furthermore, the Court has considered the other sentencing factors set forth at 3553. The Court finds that since he was at age 24, he has continued history of criminal offenses. Starting in 1977, he was sentenced to 6 months, with a supervised release term of three years. His term of supervised release expired in 1985. 1991, he is found guilty of assault in the Hartford local courts. He was sentenced to 12 years for assault, ten years additionally for the assault to an officer, five years for the burglary, and ten years for not having a pistol permit. But it didn't top there. Three years thereafter he has the possession of narcotics together with the sale of narcotics and is sentenced to five years. Age 47, after finishing his sentence, he—2000, he is again found guilty and sentenced to five years.

Then we move to 2001. This is the federal court of Hartford, Connecticut. He was found guilty of a conspiracy to distribute more than 1 kilogram of heroin. The district judge gave him a statutory minimum of 120 months, with a supervised release of five years. In that case he was ordered by the federal judge to receive mental health and the 500 hours of drug treatment.

But I don't know if he received it or did not receive it, but I do find that in 2009 he was in a halfway house in Santurce, Alborada, and he received the treatment from Behavioral Community Clinic in Bayamon, which he completed.

He also received the Al-Anon alcohol treatment at Fort Dix Federal Correctional Institution, where he apparently was serving his federal sentence related to the district court of Connecticut. When he arrived in Puerto Rico in 2010, he was evaluated again mentally and found to be stable. And in 2013, he committed the instant offense." *Id.* at pp. 20-23.

"The court has already described his criminal history, and his time since age 24 to now age 60, his long history of repeated and frequent violations, very frequent violations, considering that most of the time he has been in jail, and whenever he is not in jail, then he is violating the law." *Id.* at pp. 30.

The Petitioner did not refute his criminal record during the hearing nor is he able to rebut it now. The Court meticulously detailed his prior criminal convictions for the record, which clearly lead to the career offender enhancement. Thus, trial counsel was unable to successfully argue that which is unarguable.

Furthermore, as to the Petitioner's conviction in Hartford, Connecticut for assault and assault on an officer, a review of the Pre-Sentence Investigation Report ("PSI") clearly provides that even by Meléndez' statement as to the event a crime of violence cannot be discarded.

11

According to Court documents and the PSI from U.S. Probation Officer Carroll, on or about July 10, 1991, in Hartford, CT, the defendant was charged with attempted murder, assault 1st degree, assault on an officer, attempt to commit assault on an officer, burglary 2nd degree, threatening, and carrying a pistol without a permit. The Hartford Police Department was approached by a female individual that claimed her ex-boyfriend arrived at her apartment with a gun and was threatening to kill her. Officers responded and found the defendant with a gun. According to the police report, he was instructed to drop the weapon, but refused and fired several shots at the officers. The pre-sentence report indicated that the defendant advised that the incident report was mischaracterized, as he never aimed at the officers or intended to shoot at them. He reported he went to his girlfriend's apartment; he was angry, high on drugs and alcohol and shot the firearm, but again not at the officer or anyone. *See* Crim. No. 13-239 (DRD), Docket No. 37 at 78.

Thus, the Petitioner cannot have it both ways. He cannot admit to committing an assault with a dangerous weapon by shooting at no one in particular with an unlicensed firearm, just in the direction of police officers who were pursuing him for his arrest, and yet, pretend for the Court to not consider said conviction as a crime of violence. Accordingly, the Petitioner's Petition as to trial counsel's ineffective assistance of counsel is hereby **DENIED**.

### *Ineffective Assistance of Appellate Counsel*

As to the Petitioner's claim that the appellate counsel was also ineffective due to his failure to raise the same arguments as those who were allegedly not raised by trial counsel, the Court finds that Petitioner's claim is baseless. Claims of ineffective assistance of appellate counsel are measured under the *Strickland* standard, *Evitts v. Lucey*, 469 U.S. 387(1985). Appellate counsel

---

8 Meléndez reiterated this version of facts during the PSI conducted for the criminal case 13-239 (DRD).

is not required to raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits, *Lattimore v. Dubois*, 311 F.3d 46 (1st Cir. 2002).

Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). To overcome the presumption of competence of appellate counsel, a petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert. Melendez has failed to make such a showing.

On appeal, Meléndez argued that "the District Court erred at sentencing range and treated the career offender guideline as a binding statutory mandate. Meléndez argues that the District Court invoked an incorrect statutory mandatory minimum for the substantive error." *United States v. Johnny Melendez*, First Circuit No. 14-1341 (July 20, 2015)(Crim.D.E. 53). The First Circuit held that, "[t]he transcript of the sentencing hearing shows that the District Court understood its authority to impose a sentence beneath the applicable guidelines range. Counsel for Meléndez argued at the sentencing hearing that Melendez's health problems and advanced age warranted a downward variance." *Id.*

The Court finds that Meléndez has failed to demonstrate that the arguments he submits to the Court in his § 2255 Petition and Supplemental Brief are stronger than the ones submitted to the First Circuit in appeal. Accordingly, his § 2255 Petition for appellate counsel's ineffective assistance of counsel is hereby **DENIED**.

### *Johnson allegation*

On July 19, 2016, Meléndez filed a *Supplemental Motion to Vacate Sentence Pursuant to Title 28 U.S.C. § 2255* (Docket No. 8). Among the arguments raised by Petitioner was the invalidation of his sentence in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Petitioner

argued that his sentence as a result of his conviction for attempted possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846 should be vacated and accordingly, he should be resentenced without the use of United States Sentencing Guideline Section 4B1.1(A) (career offender) enhancement because the Supreme Court in *Johnson* had struck down the residual clause of the Armed Career Criminal Act ("ACCA") and by logical extension the same invalidated Petitioner's 4B1.1(A) (assault) guideline enhancement. *See* Docket No. 8 at pp. 16-19. The Court disagrees with the Petitioner's reasoning and briefly explains.

In *Johnson*, the Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process." *Johnson*, 576 U.S. at \_\_\_, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for defendants with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(C)(2)(B)(ii) (emphasis added). The underlined portion is known as the ACCA's "residual clause". The Supreme Court determined that ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." *Id.* On April 18, 2016, the Supreme Court determined that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 578 U.S. \_\_\_, 136 S.Ct. 1257 (2016).

Herein, Meléndez was ultimately convicted and sentenced for violating 21 U.S.C. §§ 841(a)(1) and 846, namely, attempted possession with intent to distribute a controlled substance, to wit, heroin, and was sentenced accordingly. The Petitioner was not charged nor sentenced for violating 18 U.S.C. § 924 in any of its modalities and thus the Supreme Court's holdings in *Johnson* simply do not apply to the case at bar. Hence, Petitioner's *Supplemental Motion to Vacate Sentence Pursuant to Title 28 U.S.C. § 2255* (Docket No. 8) is hereby **DENIED**.

### *Evidentiary Hearing*

The Court notes that the Petitioner, as part of his § 2255 Petition requested an evidentiary hearing. However, he has failed to meet the requirements for a hearing to be granted. In order for Petitioner to prosper in his request, he must be able to demonstrate the Court by a preponderance of the evidence, not only an entitlement to the § 2255 Petition for relief, but also entitlement to an evidentiary hearing. *David v. United States*, 134 F.3d 470, 477-478 (1st Cir. 1998); *see Reyes v. United States*, 421 F.Supp. 2d 426, 430 (D.P.R. 2006). Inasmuch as Petitioner has failed to meet the burden for his § 2255 Petition, he has also failed to demonstrate entitlement for said hearing. Therefore, the Court **DENIES** Meléndez' request for an evidentiary hearing.

### *Guideline Range Sentence*

During the Sentencing Hearing, the Court, upon evaluating the Petitioner's prior felony convictions, to wit, a controlled substance offense, that is, possession of heroin in violation of 21 U.S.C. § 841(a)(1), and a crime of violence, that is, the Hartford assault incident with a weapon, determined that he qualified as a career offender under the guidelines. *See* U.S.S.G. § 4B1.1.[9] However, although the Court in one instance inaccurately referred to the career offender guideline

---

[9] § 4B1.1 provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

15

as an "statute", it is evident from the Sentencing Hearing transcript that not only the Court ultimately utilized U.S.S.G. § 4B1.1 as a guideline, but the Court was well aware of the fact that as this being a guideline, the guidelines were only advisory, thus he had the authority to impose a sentence beneath the applicable guideline range. However, the Court decided not to. Whilst counsel for the Petitioner argued that a downward variance was warranted due to his age and health problems, the Court found that the Petitioner's criminal history was overridden by his health problems and accordingly, sentenced him to the lower end of the guideline, to wit, 188 months of imprisonment.[10]

### III. CONCLUSION

For the reasons elucidated above, the Court **DENIES** Petitioner Johnny Meléndez' *Motion to Vacate, Set Aside, or Correct Sentence Brough Pursuant to Title 28, United States Code, Section 2255* (Docket No. 1) and *Supplemental Motion to Vacate Sentence Pursuant to Title 28 U.S.C. § 2255* (Docket No. 8). Judgment of dismissal is to be entered accordingly.

---

10 The First Circuit, when affirming the District Court's Judgment, discussed this matter as follows.
"The transcript of the sentencing hearing shows that the District Court understood its authority to impose a sentence beneath the applicable guidelines range. Counsel for Meléndez argued at the sentencing hearing that Meléndez's health problems and advanced age warranted a downward variance. Though the District Court did erroneously refer to the career offender guideline as a "statute" at one point in the hearing, the record makes clear that the District Court understood it had the ability to vary from the guidelines sentencing range. The District Court explicitly noted at the sentencing hearing that the guidelines were only advisory and that the statutorily enumerated sentencing factors set forth in 18 U.S.C. § 3553 could "override[] the guidelines." But the District Court reasonably concluded that the defendant's "long history of repeated and frequent violations" warranted a sentence within the guidelines range. See United States v. Suárez-González, 760 F.3d 96, 102 (1st Cir. 2014). The District Court did not commit any procedural error doing so.
Finally, there is no indication that the District Court misinterpreted the relevant statutory penalty range. Meléndez contends that the District Court erroneously believed there was a ten-year statutory mandatory minimum, but the sentencing transcript makes it clear that the District Court referenced a ten-year minimum only in discussing a sentence that Meléndez had received for a prior offense. [Add. 21] The District Court described that a judge in an earlier proceeding had imposed a sentence of 120 months, which had been the statutory minimum for that offense, in discussing Meléndez's recidivism. The record does not suggest that the District Court misapprehended the five-year mandatory minimum for this offense. The judgment of the District Court is thus <u>affirmed</u>." Judgment, U.S.C.A. Case No. 14-1341 (1st Cir. 2015); *see* Crim. No. 13-239 (DRD), Docket No. 53.

It is further ordered that no certificate of appealability be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th of September 2019.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge